WALTER J. LEVY AND AMNERIS LEVY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Levy v. Commissioner
Docket No. 29170-89
United States Tax Court
T.C. Memo 1992-259; 1992 Tax Ct. Memo LEXIS 282; 63 T.C.M. (CCH) 2927; May 6, 1992, Filed *282 An order will be issued granting in part petitioners' motion. Patricia Tucker and John S. Campbell, for petitioners. Sandra Hayes, for respondent. DAWSON
DAWSON
SUPPLEMENTAL MEMORANDUM OPINION DAWSON, Judge: This matter is before the Court on petitioners' Motion for Award of Reasonable Litigation Costs under section 7430 and Rule 231. Unless otherwise indicated, all section references herein are to the Internal Revenue Code in effect for the matter under consideration, and all Rule references are to the Tax Court Rules of Practice and Procedure. In , we held that petitioners met the 15-percent requirement of section 46(e)(3)(B), and therefore are entitled to an investment tax credit for 1982 with respect to an airplane acquired in that year and thereafter held for lease. The investment tax credit for that year was then carried back to 1979, 1980, and 1981. The result of our holding was that there are no deficiencies in Federal income taxes due for those years. Hence petitioners prevailed on the contested issue. After our memorandum opinion was filed, petitioners initially moved for an award of reasonable litigation *283 costs in the amount of $ 21,986.41. At the hearing on petitioners' motion, they claimed additional attorney's fees of $ 3,154.50 and costs of $ 237.50. Section 7430, as amended by the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, section 6239, 102 Stat. 3342, 3743-3747 (applicable to proceedings commenced after November 10, 1988), provides that a prevailing party may be awarded a judgment for reasonable litigation costs incurred in connection with a Court proceeding. The petition in this case was filed on December 11, 1989. In general, a prevailing party may be awarded reasonable litigation costs if the party has: (1) Exhausted its administrative remedies; (2) established that respondent's position in the proceeding was not substantially justified; (3) substantially prevailed with respect to the amount in controversy or with respect to the most significant issue or set of issues presented; (4) established that its net worth did not exceed $ 2 million at the time the proceeding was commenced; and (5) has not unreasonably protracted any portion of the Court proceeding. Respondent agrees that petitioners have: (1) Exhausted their administrative remedies; (2) *284 not unreasonably protracted this proceeding; (3) substantially prevailed with respect to the most significant issue presented; and (4) met the $ 2 million net worth requirement. However, respondent objects to petitioners' motion on two grounds; namely, that petitioners have not shown that respondent's position in this case was not substantially justified, and that the amounts of claimed attorney's fees and costs are unreasonable. The threshold question is whether the position taken by respondent in this case was substantially justified. If not, petitioners are entitled to an award of reasonable attorney's fees and costs. Petitioners have the burden of proving the respondent's position was not substantially justified. Rule232(e). Respondent's loss on a litigated issue does not, ipso facto, render her position not substantially justified. , affd. . For civil tax cases commenced after December 31, 1985, section 1551(d)(1) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2752, changed the language describing the position of the United States from "unreasonable" *285 to "not substantially justified". This Court has held that the substantially justified standard does not represent a departure from the reasonableness standard. , affd. , and cases cited therein. A determination of reasonableness must be based upon all the facts and circumstances, as well as any legal precedents, relating to the case. Respondent contends that it was reasonable to defend this case because: (1) No other case has previously decided that, for the purpose of section 46(e)(3)(B), expenses could be accrued as well as income; (2) factual issues existed with respect to when the lease began and ended and whether the security deposit constituted part of the rent in question; and (3) the interpretation of the controlling regulation urged by respondent was necessary in order to minimize a potential for abuse of a tax benefit section. As indicated in our memorandum opinion, respondent's positions were held to be incorrect. Section 46(e)(3)(B) contemplates the accrual of both rental income and allowable deductions. Respondent cited no relevant authority to support her *286 alternative interpretation of this provision, and we think the position lacks merit. The mere fact that the Court was presented with a previously undecided issue does not, in and of itself, make respondent's position reasonable. Furthermore, as stated in our memorandum opinion, the two factual questions raised by respondent were not genuine issues. We concluded from our analysis that when the lease began or ended was not material because the final result would be the same. In addition, we concluded that the security deposit cannot be characterized as rental income. See . Finally, respondent's contention that the case had to be defended to prevent abuse is likewise without merit. Since we held in our memorandum opinion that petitioners correctly claimed the investment tax credit, it follows that no abusive situation was present. All things considered, it is our view that respondent's positions were not substantially justified. Consequently, we hold that petitioners have met all the prerequisites necessary for an award of attorney's fees and costs under section 7430. Next we turn to the *287 question of whether the total amounts claimed by petitioners for attorney's fees and costs are reasonable and, if not, what portions thereof should be awarded. Petitioners have claimed $ 21,801.19 in attorney's fees based on 150.29 hours of work, and costs totaling $ 3,577.22. Respondent contests the reasonableness of both the attorney's fees and some of the costs. The parties have stipulated the amounts of legal fees and costs charged by petitioners' counsel and that, by applying the consumer price index to the base rate of $ 75 per hour, the adjusted hourly rate is $ 94. Petitioners' principal contention relates to the amounts that should be awarded as attorney's fees. They assert that their attorney, Patricia Tucker, is entitled to a fee of $ 150 per hour and that the fee for Jay Goldenberg should be $ 100 per hour. They claim that such amounts represent the going rates for tax attorney specialists in the Albuquerque, New Mexico, area. To the contrary, respondent contends that the hourly rate for attorney's fees in this case should not exceed $ 94 per hour, which represents the statutory fee plus the cost of living adjustment. Section 7430(c)(1)(B)(iii) provides in part *288 that attorney's fees "shall not be in excess of $ 75 per hour unless the court determines that an increase in the cost of living or a special factor * * * justifies a higher rate." Petitioners argue that a "special factor" exists here because of the scarcity of tax lawyer specialists in their geographical area who are knowledgeable about Federal tax litigation. It is true that there are a limited number of tax litigation lawyers in Albuquerque. It is also true, as evidenced by the testimony and affidavits of Thomas Smidt II, Kendall O. Schlenker, and Charles E. Anderson (all experienced tax lawyers), that hourly fees for tax lawyers in Albuquerque range from $ 150 to $ 200. Nonetheless, the prevailing hourly rate in a particular area, and the fact that no attorney would have performed the work for $ 75 an hour, are not special factors justifying an increase in the hourly rate under section 7430(c)(1)(B)(iii). ; , affd., revd. and remanded ; ; . *289 Nor is the tax expertise of petitioners' attorneys a "special factor" which justifies fee reimbursement of more than $ 75 an hour under section 7430. As the Court of Appeals for the Second Circuit stated in Cassuto, 936 F.2d at 743: The * * * [taxpayers'] contention that their attorney's "tax expertise" warrants awarding of fees at a rate higher than $ 75 an hour makes little sense in the context of their section 7430 reimbursement claim. Section 7430 applies only to tax cases; therefore most of the applications for attorneys' fees under it would be to pay attorneys who have brought or defended tax cases. Such lawyers presumably all have a certain degree of "tax expertise." To suppose that Congress intended them all to be paid at a higher than $ 75 an hour rate would allow this "special factor" exception to swallow the $ 75 an hour rule. As "the 'special factor' formulation suggests, Congress thought that $ 75 an hour was generally quite enough public reimbursement for lawyers' fees, whatever the local or national market might be," Pierce [v. Underwood], , * * * likewise, we believe that in the tax context of section *290 7430, the specialized market for tax lawyers is not usually relevant.
See also . The creation of a geographical exception, in areas where there are few tax lawyers, as a "special factor" for increasing the $ 75 cap imposed by section 7430(c)(1)(B)(iii) would result in many claims for varying attorney's fees by tax lawyers in different localities throughout the United States. In our judgment Congress never intended that the public fisc should bear the full costs of private attorney's fees under these circumstances. To conclude otherwise would relegate the $ 75 maximum hourly rate to the graveyard. Accordingly, we hold that petitioners have not established any "special factor" warranting an increase in the $ 75 hourly rate. They are only entitled to attorney's fees of $ 14,127.26 (150.29 hours multiplied by $ 94). As for the claimed costs, those relating to secretarial and law clerk expenses, and sales taxes on professional services, are traditionally covered by attorney's fees and are not charged separately. See . However, the *291 filing fee ($ 60), copying expenses ($ 261.05), postage ($ 90.75), and long distance telephone charges ($ 7) constitute awardable litigation costs. See . Therefore, we hold that petitioners are entitled to an award of $ 418.80 for costs. To reflect the foregoing, An order will be issued granting in part petitioners' motion.